■ MERIT U.S. REAL ESTATE FUND III, LP, Appellant, v MAIDEN FED LLC et al., Respondents. [786 NYS2d 739]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered February 25, 2004, which dismissed the complaint, unanimously modified, on the law, to reinstate the fourth cause of action as against defendant Maiden Fed for reformation on the ground of mutual mistake, and the seventh and eighth causes of action to the extent they seek indemnification and attorney's fees for a contract reformed for mutual mistake, and otherwise affirmed, without costs.

The causes of action for breach of contract were properly dismissed because they were dependent on plaintiff making claim within six months that the representations in the contract

schedules as to additional work to be performed, and for which money was to be escrowed, were incorrect. Since timely claims were not made, there was no viable breach of contract claim. The claim for unjust enrichment fails because the written contract covered the subject matter at issue. The claim for fraudulent inducement is not viable because plaintiff did not avail itself of resources at hand to verify the representations made in the contract.

The cause of action for reformation resulting from mutual mistake should be reinstated, however, because there is a valid claim that the $500,000 should have been included in the escrow funds, but for oversight by both parties. The cause of action should be reinstated only as against defendant Maiden Fed since it was the only signatory to the contract and was a disclosed principal. As a result, the claims for indemnification and attorney's fees must be reinstated to the extent they may find support in a contract that is the subject of reformation.

We have examined plaintiff's remaining arguments and find them without merit. Concur—Tom, J.P., Andrias, Saxe, Williams and Sweeny, JJ.